*1238 William Lee Thompson, a prisoner under sentence of death, appeals the circuit court’s summary denial of his successive motion for postconviction relief in which he sought an evidentiary hearing regarding his claim of mental retardation pursuant to Florida Rule of Criminal Procedure 3.203 and Atkina v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). On July 9, 2007, we reversed the trial court’s prior summary denial of his claim of mental retardation and concluded that the issue of mental retardation was not procedurally barred. We remanded to the trial court to “allow Thompson to plead and prove the elements necessary to establish mental retardation” in accordance with our case law, the rules, and the applicable Florida statutes.
On remand, the trial court, after considering the pleadings filed by Thompson and argument of counsel, summarily denied Thompson’s claim of mental retardation and struck his other claims as exceeding the scope of the remand.
Having reviewed the record in this case, including all prior proceedings, we reverse and remand for an evidentiary hearing on Thompson’s mental retardation claim. In making a determination of whether Thompson meets the requirements of mental retardation, the trial court shall consider the requirements set forth in Cherry v. State, 959 So.2d 702 (Fla. 2007):
[The defendant] must establish that he has significantly subaverage general intellectual functioning. If significantly subaverage general intellectual functioning is established, [the defendant] must also establish that this significantly sub-average general intellectual functioning exists with deficits in adaptive behavior. Finally, he must establish that the significantly subaverage general intellectual functioning and deficits in adaptive behavior manifested before the age of eighteen.
Id. at 711. We express no opinion on the merits of his claim of mental retardation.
Further, we summarily deny as without merit Thompson’s remaining *1239 claims stricken by the trial court; specifically, his claims that his 31 years on death row violate the Eighth and Fourteenth Amendments to the Constitution, that lethal injection violates- the Eighth Amendment, and that the ABA report on the death penalty constitutes newly discovered evidence. See Tompkins v. State, 994 So.2d 1072, 1080-83, 1085 (Fla.2008) (recognizing this Court’s repeated rejection of each of these claims), cert. denied, — U.S. -, 129 S.Ct. 1305, — L.Ed.2d-(2009).
The parties shall proceed in an expedited manner, and an evidentiary hearing on his mental retardation claim shall be held and an order entered within 90 days of this order.
It is so ordered.
QUINCE, C.J., and-PARIENTE, LEWIS, and LABARGA, JJ., concur.
WELLS, J., dissents with an opinion, in which CANADY and POLSTON, JJ., concur.
WELLS, J.,
dissenting.
I dissent.
In our order dated-July 9, 2007, in which we remanded this case to the trial court, we stated:
Accordingly, we reverse the trial court’s summary denial and remand to the circuit court in order to allow Thompson to plead and prove the elements necessary to establish mental retardation, specifically including the threshold requirements set forth in Cherry v. State, [959 So.2d 702 (Fla. 2007) ]. See also section 921.137(1), Fla. State.; Fla. R.Crim. P. 3.203(c) & (e).
In Cherry v. State, 959 So.2d 702, 712-13 (Fla.2007), this Court held that the statutes and rule had a strict cut-off at an IQ of 70 in order to establish significantly subaverage intellectual functioning.
The trial court found that the defendant’s motion alleged that defendant’s IQ was 75 in 1958 and 74 when he was in the second grade. Since the defendant’s motion alleged that his IQ was above 70 during the period prior to attaining the age of 18, the trial court did not err in denying the defendant’s motion because the defendant did not plead “the elements necessary to establish mental retardation, specifically including the threshold requirements set forth in Cherry.”
■CANADY and POLSTON, JJ., concur.